REUBEN BACON *vs.* JAMES ROGERS & others.

An objection to the form of a certificate upon a deposition is not waived by the presence of the adverse party at the time the deposition was taken, without then making the objection.

TORT for seizing and carrying away the plaintiff's seines and fishing tackle.

At the trial in the superior court, before *Morton*, J., the plaintiff was allowed, under objection, to introduce in evidence the deposition of Charles C. Pierce, taken before a magistrate in this commonwealth, in the presence of one of the defendants, the magistrate's certificate upon which set forth that the deponent was " cautioned and sworn to speak the truth, the whole truth and nothing but the truth ; " and also the deposition of William Cheney, a soldier in the army, taken in Maryland before the colonel of a regiment, the certificate upon which did not set forth in detail a compliance with all the directions of the statute.

The jury returned a verdict for the plaintiff, and the defendants alleged exceptions.

*E. C. Baker*, for the defendants.

*G. D. Noyes*, for the plaintiff.

BY THE COURT.   The deposition of Pierce being taken within this state, and the oath required by the statute " to testify the truth, the whole truth and nothing but the truth, relating to the cause for which the deposition is taken," not being shown to have been administered to the deponent, was not admissible in evidence.   Gen. Sts. *c.* 131, § 23.   *Simpson* v. *Carleton*, 1 Allen, 116.   We do not think this objection was waived by the presence of one of the defendants, who made no objection to the deposition at the time on that ground.   The witness testified to the circumstances of the seizure of the plaintiff's seines by the defendants ; and, the action being an action of tort, these circumstances were material for the consideration of the jury on the question of damages.   The exception to the admission of this deposition must therefore be sustained.

The objection to the deposition of Cheney seems to be dis-
posed of by the case of *Stiles* v. *Allen,* 5 Allen, 320.

*Exceptions sustained.*